**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DONALD W. ESTELL, JR.,

      Defendant-Appellant.

No. 05-3116

District of Kansas

(D.C. No. 04-CR-20025-01-GTV)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Donald Estell, Jr. pleaded guilty to five counts of possession and distribution of crack cocaine. On February 28, 2005, he was sentenced to 168 months in prison. Mr. Estell timely appealed his sentence and his counsel, Thomas Telthorst, filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). The government declined to submit a brief. Because we find that neither Mr. Estell nor his counsel raises any non-

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

frivolous issues on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## Factual and Procedural Background

On March 5, 2004, the government filed a five-count indictment against Mr. Estell, charging him with possession with intent to distribute more than five grams of crack cocaine and distribution of crack cocaine on four distinct occasions. During these five charged incidents, government officials recovered 23.3 grams of crack cocaine and $9,434 in cash. On September 29, 2004, the government filed notice, pursuant to 21 U.S.C. § 851, that it intended to rely upon a 1994 conviction for possession of cocaine to enhance Mr. Estell's statutory minimum sentence. Without a plea agreement, Mr. Estell pleaded guilty to all five counts on October 4, 2004. The district court accepted Mr. Estell's guilty plea and ordered a Presentence Investigation Report ("PSR").

The PSR calculated Mr. Estell's base offense level by considering 44.2 grams of crack cocaine and $66,379 in alleged drug proceeds. These amounts took into consideration the cocaine and cash recovered from Mr. Estell's five counts of conviction as well as cocaine and cash recovered from seven uncharged incidents. The PSR also converted half of the $66,379 to crack cocaine at a rate of $60 per gram and added that to the amount of crack cocaine actually seized, resulting in a total of 597.2 grams of crack cocaine. Applying a two-level

reduction for acceptance of responsibility, the PSR calculated an offense level of 34, with a criminal history category IV. The criminal history category reflected application of 21 U.S.C. § 851, which was triggered by the 1994 conviction for cocaine possession, as well as a two-point enhancement under United States Sentencing Guidelines § 4A1.1(e) for committing the charged offenses within two years following release from prison. The PSR, therefore, recommended a sentencing range of 210-262 months.

The district court began the sentencing hearing by noting that although the Sentencing Guidelines are only advisory, they are still useful in "assisting the court to determine a reasonable sentence." The court then considered Mr. Estell's objections to the PSR. These included the PSR's recommendation that cocaine and cash recovered in the seven uncharged crimes be considered as part of "relevant conduct," and the PSR's $60 per gram cash-to-drugs conversion factor. Mr. Estell proposed instead a factor of $94.50 per gram. After hearing arguments and evidence regarding these issues, the district court modified the price-per-gram conversion factor to $73 per gram, but rejected Mr. Estell's argument that the amounts recovered from the seven uncharged offenses should not be included in calculating the offense level. After applying a two-level reduction for acceptance of responsibility, the district court classified Mr. Estell's final offense level as 32 and his criminal history category as IV, producing a sentencing range of 168-210

months in prison. During allocution, Mr. Estell argued that application of 21 U.S.C. § 851 was unconstitutional because the government failed to allege its application by indictment and failed to prove its application to the jury. He also contended that the relevant conduct considerations were unconstitutional. Ultimately, the court concluded that the guideline range, calculated with the new cash-to-drugs conversion, produced an appropriate sentence. The court stated: "I think the guideline range that I have determined does produce a reasonable sentence which I intend to impose in my discretion. . . . It's true that that's only advisory, but . . . I believe that that's a reasonable sentence, given the defendant's criminal history category and the level of activity involved here." R. Vol. IV 34. The court sentenced Mr. Estell to 168 months in prison. Mr. Estell now appeals his sentence.

## Discussion

Mr. Estell raises three claims on appeal. First, he claims that it violated the Sixth Amendment to apply 21 U.S.C. § 851 to enhance his minimum sentence without including the § 851 enhancement in the indictment and without having a jury confirm existence of the prior conviction. Next, Mr. Estell contends that the district court committed constitutional error in applying U.S.S.G. § 4A1.1(e) to enhance his criminal history score. Finally, he argues that the use of uncharged

relevant conduct to determine his offense level violated the Sixth Amendment. We consider each claim of error in turn.

*A.     Enhancement pursuant to 21 U.S.C. § 851*

Mr. Estell's first claim is that the statutory minimum sentence enhancement, applied pursuant to 21 U.S.C. § 851, sets forth elements of an offense that must be contained in the indictment and proven to a jury. Specifically, he argues that the district court's failure to confirm the existence of the qualifying conviction, either through Mr. Estell's own admission or through a jury verdict, violated his Sixth Amendment rights. This claim, however, is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

In *Almendarez-Torres*, 523 U.S. at 239, the Supreme Court held that recidivism is not an element of the offense that must be charged in the indictment and submitted to a jury. The Court has re-affirmed the holding in *Almendarez-Torres* numerous times. *See United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 756 (2005); *Blakely v. Washington*, 542 U.S. 296, 301 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury, and proved beyond a reasonable doubt.")
(emphasis added). Because the enhancement under § 851 was based solely on the
fact of a prior conviction, Mr. Estell had no Sixth Amendment right to have a jury
confirm his prior conviction.

B.      *Enhancement under U.S.S.G. § 4A1.1(e)*

Mr. Estell's second claim fails for the same reason: the enhancement under
§ 4A1.1(e) rests on the fact of a prior conviction, which need not be proven to a
jury. *See Almendarez-Torres*, 523 U.S. at 239; *Booker*, 125 S. Ct. at 756. United
States Sentencing Guidelines § 4A1.1(e) provides that the court should "[a]dd 2
points if the defendant committed the instant offense less than two years after
release from imprisonment . . . ." This Court has held that the "'prior conviction'
exception extends to 'subsidiary findings,'" including whether a defendant was
under court supervision at the time of the subsequent crime and when the
defendant was released from prison. *United States v. Corchado*, 427 F.3d 815,
820 (10th Cir. 2005). These findings need not be submitted to a jury because
such facts are merely aspects of the defendant's recidivist potential, are easily
verified, and their application for purposes of enhancing a sentence requires
nothing more than official records, a calendar, and the most self-evident
mathematical computation. Accordingly, relying on U.S.S.G. § 4A1.1(e) to

enhance Mr. Estell's criminal history category did not violate the Sixth Amendment.

Even if the date of Mr. Estell's release from prison were a fact that should have been submitted to a jury under a mandatory guidelines regime, when the Sentencing Guidelines are applied in an advisory fashion, no such requirement exists. "*Booker*, quite clearly, does not prohibit the district court from making factual findings and applying the enhancements and adjustments . . . as long as it did not view or apply the Guidelines as mandatory." *United States v. Visinaiz*, --- F.3d ---, 2005 WL 3065950, at *13 (Nov. 16, 2005). Thus, as the Supreme Court has stated, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Booker*, 543 U.S. at ---, 125 S. Ct. at 750. Mr. Estell was sentenced after the decision in *Booker* rendered the Sentencing Guidelines advisory. The district court judge expressly stated that he was viewing the Guidelines as merely advisory and that he imposed a sentence that he believed, in his discretion, was reasonable. In those circumstances, Mr. Estell was not entitled to a jury determination of when he was to be released from incarceration.

C.      *Use of uncharged relevant conduct to determine offense level*

The district court's treatment of the Guidelines as advisory likewise defeats Mr. Estell's final argument. Mr. Estell contends that the inclusion of non-charged conduct into the calculation of his offense level violated the Sixth Amendment. However, as we stated above, when the trial court judge exercises discretion in sentencing, the defendant is not entitled to have facts found by a jury. *See Booker*, 543 U.S. at ---, 125 S. Ct. at 750; *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005) ("[W]hen a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard."). Because the district court applied the Guidelines in an advisory manner and exercised discretion in determining the appropriate sentence, consideration of the cocaine and cash obtained from non-charged incidents did not violate the Sixth Amendment

## Conclusion

Finding no non-frivolous arguments on appeal, we grant counsel's motion to withdraw and dismiss the appeal. The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge